GONZALO ET AL., PLAINTIFFS AND APPELLEES, *v.* JIMÉNEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Ejectment.

No. 2436.—Decided July 3, 1922.

EJECTMENT—TAX SALE—PROPERTY OF MINORS.—In this case it was *held:* That if, as the plaintiffs allege, the conveyance of the "Envidiada" property to the executor is null and void as regards their interests therein because there were minors interested and authorization of court was not obtained, then they never ceased to be the owners of such interests and, therefore, when The People of Porto Rico sold the property at public auction for the collection of delinquent taxes it sold the hereditary interests of the plaintiffs therein; consequently they have no cause of action to recover it, inasmuch as they do not allege in support of their rights any defects in the administrative proceeding prosecuted for the collection of the taxes. The plaintiffs as owners of such interests were under the obligation to pay the taxes on the property in order to avoid its sale with the consequent extinction of all their rights therein, except that of redemption which they did not assert. A tax sale extinguishes the owner's right to the property sold, although it may be owned by a person who was not liable for the payment of taxes or who neglected to pay them.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellants.

*Mr. A. Arnaldo* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The spouses José Román Castro and Francisca Escalona died in the year 1888 while they were the owners of a coffee plantation of 235 acres called Envidiada situated in the ward

of Bateyes of the municipality of Mayagüez. In the partition of their estate in 1892 the plantation was conveyed to their executor, Bernardo Escalona, who assumed the obligation of paying certain debts of the estate of the spouses. Since that time the plantation has been owned by different persons and so recorded in the registry until in 1906, when it belonged to Edith Frantwetter, it was sold at public auction by the People of Porto Rico for delinquent taxes to Angel A. Vázquez, who in 1908 sold it to Martiniano Martínez. At present it belongs to the widow of Martínez, Flora Jiménez Maristany, and their daughter, Aminta Martínez y Jiménez. An action was brought against these owners in the year 1920 by some of the heirs of José Román Castro and Francisca Escalona to compel acknowledgment by the defendants of the proportional interest which the plaintiffs allege to have in the said property as heirs of the said spouses and of which they had not been divested because the conveyance of the property to the executor was null and void for the reason that although there were minors interested in the partition, the said conveyance was not made in proceedings to establish the necessity and utility of that conveyance nor at public auction. Judgment having been rendered for the plaintiffs, an appeal was taken by the defendants who assign as one of the errors of the trial court its failure to give validity to the title passed in the tax sale by The People of Porto Rico to Vázquez, from whom the predecessor in title of the defendants acquired the property.

If, as the plaintiffs allege, the conveyance of the Envidiada plantation to the executor was null and void as regards their interests therein because there were minors interested and no authorization of court was obtained, then they never ceased to be the owners of such interests and, therefore, when The People of Porto Rico sold the property at public auction for the collection of delinquent taxes, it sold the hereditary

interests of the plaintiffs therein and, consequently, they have no right of action to recover, inasmuch as they do not base their right on defects in the administrative proceedings prosecuted for the collection of the taxes. As owners of the said interests the plaintiffs were under the obligation to pay the taxes on the property in order to avoid its sale with the consequent extinction of all their rights therein except that of redemption, which they did not assert. A sale for delinquent taxes extinguishes the right of the owner in the property sold, although it may be in the possession of a person who is not liable for the payment of taxes or had neglected to pay them. 26 R. C. L. 403. It was sufficient for The People of Porto Rico to institute, as it did, the administrative proceedings for the sale of the property against the person who was the owner thereof according to the registry of property; therefore the cases of *Menéndez* v. *Registrar,* 13 P. R. R. 173, and *González et al.* v. *Pirazzi,* 23 P. R. R. 370, cited by the appellees, are not applicable to this case; and if there were other persons unknown to The People of Porto Rico who were the real owners, they should have been careful to make this fact known and to pay the taxes in order to avoid the extinction of their rights. In some jurisdictions the courts have gone so far as to hold that a tax sale title creates in the purchaser a new and original title. 37 Cyc. 1473.

The judgment appealed from must be reversed and the complaint dismissed.

*Reversed and dismissed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.